UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

In re:

MARTHA ANN HILDEBRANDT,                    CASE NO.: 10-40232-LMK

  Debtor.                                  CHAPTER: 7
_____/

### ORDER ON CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

THIS MATTER came before the Court for hearing on June 10, 2010 on the Trustee's Objection to the Debtor's Claim of Exemptions (the "Objection," Doc. 19). In the Objection the Trustee, Mary W. Colon, seeks to disallow Martha Ann Hildebrandt's ("Debtor") claim that a parcel of property located in Havana, Florida, in which Debtor has a vested remainder interest, is exempt as her homestead. Having considered the arguments of counsel, the evidence presented, and the relevant cases, for the reasons stated more fully herein, I find that under certain circumstances, a remainder interest can support a homestead exemption, and the Trustee's Objection to Debtor's Claim of Exemption is overruled.

### FACTS

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 15, 2010. The Debtor listed property located at 430 Fields Road, Havana, Florida, as her homestead and claimed it as exempt pursuant to Article X, Section 4(a) of the Florida Constitution. The property was originally purchased by the Debtor's aunt on May 1, 1989, and the Debtor and her aunt immediately moved into the home. On September 13, 1996, the Debtor's aunt executed a quitclaim deed transferring the home and five acres to the Debtor, subject to a life estate reserved for herself. The Debtor's mother died when the Debtor was three months old, and the Debtor's aunt was more of a surrogate mother to the Debtor. The Debtor's aunt is now eighty-nine years

old, and the Debtor testified that she and her husband provide daily assistance to her aunt and have been doing so for many years. The Debtor also testified that she is the "ultimate authority" in any decision regarding the home and that she contributes financially to the repairs and renovations of the home. The Debtor's husband provides the lawn care and the Debtor has replaced the hot water heater, the faucets, the washer and dryer, and the refrigerator and has plans to hire an electrician. The Debtor's aunt receives retirement and social security and the money is kept in the aunt's bank account which the Debtor is named on.

The Trustee objects to the Debtor's claim of the constitutional homestead exemption on the property, arguing that I found in *In re Lewis*, 226 B.R. 703 (Bankr. N.D. Fla. 1998) that a vested remainder interest is not enough to qualify for a homestead exemption. The Debtor cites to a recent case from the Middle District of Florida, *In re Williams*, 427 B.R. 541 (Bankr. M.D. Fla. 2010), which held that under facts similar to this case, the debtor was entitled to claim the Florida constitutional homestead exemption.

**DISCUSSION**

A debtor's homestead exemption is determined solely by Florida law. See *In re Crump*, 2 B.R. 222, 223 (Bankr. S.D. Fla. 1980). Article X, § 4(a) of the Florida Constitution provides: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon … the following property owned by a natural person: (1) a homestead…" FLA. CONST. art. X, § 4(a)(1). As a matter of policy, Florida courts have held that the homestead exemption "should be liberally construed in favor of protecting the family home and those whom it was designed to protect." *In re Williams*, 427 B.R. at 544 (quoting *Southern Walls, Inc. v. Stilwell Corporation,* 810 So.2d 566, 569-70 (Fla. 5th DCA 2002)). Florida courts have also found that "[t]o qualify for Florida's homestead exemption, an individual must have an ownership interest in a residence that gives the individual the right to use and occupy it as his or

her place of abode." *In re Alexander* 346 B.R. 546, 547 (Bankr. M.D. Fla. 2006); See also *In re Kent*, 411 B.R. 743, 750 (Bankr. M.D. Fla. 2009).

The Trustee relies primarily on my decision in *Lewis*, which stated that a debtor is not entitled to claim a homestead exemption in real property in which the debtor has only a remainder interest. *In re Lewis*, 226 B.R. at 705. *Lewis* involved a debtor seeking to claim a homestead exemption on the real property on which her homestead mobile home was located. The debtor held a vested remainder interest in the property, subject to her parents' life estate. In *Lewis*, I found that based on Florida law, the permission to live on the property "did not give the debtor the right to exempt the property as her homestead as long as she had only a vested remainder interest in the property." *Id.*

*Lewis* was based entirely on the Supreme Court of Florida's decision in *Aetna Insurance Company v. LaGasse*, 223 So.2d 727 (Fla. 1969). *Aetna* involved a priority dispute between the debtor and a judgment creditor. The debtor received a remainder interest in the family home, subject to her mother's life estate, after her father's death. A couple of months after her father's death, the debtor moved into the home to take care of her mother who died five months later. Several years prior, Aetna had obtained and recorded a judgment against the debtor. After the debtor's mother died, Aetna sought a declaration that its prior judgment lien was superior to the debtor's claim that the property was exempt as homestead. The Supreme Court of Florida determined that Aetna's prior judgment lien was entitled to priority over the debtor's claim of exemption because the judgment lien attached when the debtor became vested with the remainder interest, at a time when her surviving mother had the right of occupancy and use essential to a homestead claim. The Court, as well as this Court in *Lewis*, cited an earlier Supreme Court of Florida case which held "by great weight of precedent a claim of homestead may not attach to either vested or contingent future estates or interests in land, because a remainder expectant upon cessation of a preceding estate creates no present right to possession and is not susceptible to

immediate occupancy by the remaindermen." *Aetna*, 223 So.2d at 729 (quoting *Anemaet v. Martin-Senour Co.*, 114 So.2d 23, 26 (Fla. 2d DCA 1959)); *In re Lewis*, 226 B.R. at 704 (quoting *Anemaet*, 114 So.2d at 26).

The Court in *Aetna* held that upon the death of the debtor's father, the judgment lien attached to the debtor's remainder interest. The debtor's fee simple interest was therefore a form of ownership, but it lacked a right of possession necessary for a homestead exemption. Since the debtor was not living in the home at the time she became vested, Aetna's lien attached to her interest in the property and her subsequent occupancy did not impact this superior position.

The debtor in *Aetna* also argued that she was already living with her mother at the time of her father's death and this was sufficient to give a possessory right to support a claim for homestead exemption by her as head of the family. The court stated that consent by a life tenant to a remainderman's occupancy does not divest the life tenant of a paramount present interest and that the record in the case presented "no reasonable basis upon which any conveyance of a present interest to respondent can be found." *Aetna*, 223 So.2d at 729. At first blush, this statement would appear to be binding precedent preventing any holder of a remainder interest from claiming a homestead exemption based on such interest. However, since *Aetna* was decided based on the fact that the judgment lien attached to the debtor's interest prior to her occupancy of the home, this statement would appear to be dicta and, therefore, non-binding. Furthermore, by going on to refer to the record as presenting no reasonable basis for finding a conveyance of a present interest, the court left open the possibility that a present possessory right sufficient to support a homestead exemption claim might be found given a different set of facts.

In contrast to the facts in *Aetna*, the record in this case clearly supports the Debtor's present possessory right. The Debtor and her aunt have lived in the house since 1989 and seven years after they moved in, the aunt gave the Debtor the deed, reserving in herself the life estate. They have lived there continuously for over 20 years. The Aunt is eighty-nine years old. The Debtor

and her husband provide daily assistance to her, maintain the home, contribute financially to the upkeep of the home, and make all major decisions regarding the home. This record clearly shows that when she gave the Debtor the deed to the home, the Debtor's aunt intended to convey a present interest subject only to the right of the aunt to remain in the home during her life.

The Middle District of Florida in *In re Williams*, 427 B.R. 541 (Bankr. M.D. Fla. 2010) also distinguished *Aetna*, in a case that presented facts similar to the facts in today's case. In *Williams*, the debtor's mother executed a warranty deed, transferring her home to the debtor, and reserved a life estate in the home for herself. Several years later, the debtor and his wife moved into the home to take care of the Mother and provide living assistance. The debtor maintained the home, contributed financially to the repairs and renovations, and had no other residential address. *Williams* distinguished *Aetna*, pointing out that the case mainly dealt with a priority dispute and the main ruling from *Aetna* was that "homestead property is 'subject to levy under judgments recorded prior to the time such property became the homestead of the judgment debtor.'" *Williams*, 427 B.R. at 546 (quoting *Aetna*, 223 So.2d at 728). The Court in *Williams* noted that its case was not a priority dispute; instead the issue was whether the debtor's interest in the home was exempt from property of the bankruptcy estate. *Williams* found that the debtor had a present right of possession sufficient to qualify for the homestead exemption, based on the debtor's family ties to the home, his occupancy of the home, the personal and financial contributions to the home, and evidence indicating permanent occupancy. *Williams*, 427 B.R. at 548.

As noted in *Williams*, the finding I have made today is consistent with the policy of liberally construing the homestead exemption in favor of protecting the family home and the Florida Constitution's emphasis on the residential use of exempt property. Under the Florida Constitution, actual "family" occupancy and the intention to continue occupying the home have been held to be the key qualifications for homestead status and the protections it provides. *Williams*, 427 B.R. at 548 (quoting *Edward Leasing Corporation v. Uhlig,* 652 F. Supp. 1409, 1412 (S.D. Fla.

1987)).  I therefore agree with *Williams* in its finding that "[t]he availability of the homestead exemption is not dependent upon any strict or legalistic interpretation of the quality and nature of the property or of the quality of the debtor's title.  The Court must instead focus on the circumstances and the debtor's intent to make the property his homestead and the debtor's actual use of the property as his principal and primary residence." *Williams*, 427 B.R. at 548 (quoting *In re Dean,* 177 B.R. 727, 729 (Bankr. S.D. Fla. 1995)). My ruling today is intended to be consistent with the policy stated above.  The Debtor has lived in the home for twenty one years with no intention of moving.  A strict following of my ruling in *Lewis* would not be in line with the policy of liberally construing the homestead exemption in favor of protecting the family home.

## CONCLUSION

To the extent that my prior decision in *Lewis* suggests that a remainder interest can never support a homestead exemption, I recede from that holding and agree with the reasoning set forth in *Williams*.  Accordingly, the Trustee's Objection to Debtor's Claim of Exemption is overruled and the exemption is allowed. In accordance with the foregoing, it is hereby:

ORDERED and ADJUDGED that that the Chapter 7 Trustee's Objection to the Debtor's Claim of Exemptions (Doc. 19) is OVERRULED

DONE and ORDERED in Tallahassee, Florida this 30th day of June, 2010.

*/s/ Lewis M. Killian*

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc:  all parties in interest